Sidney A. Fine, J.
Defendant, the First National City Bank of New York, hereinafter referred to as “ the bank ” moves for reargument of plaintiff’s motion to enjoin it from paying drafts drawn under a letter of credit issued by it. In addition, the bank applies on new papers for vacatur of the order granting said motion of plaintiff.
The papers before the court on plaintiff’s motion failed to contain any competent evidence that the seller of the merchandise had negotiated a draft on the letter of credit to a bona fide holder for value. The unsworn statement in the cablegram sent to the bank by the National Bank of Greece, to the effect that it had paid the seller the $39,400, was pure hearsay and did not constitute competent proof that such payment was made. Even apart from this, the cablegram contained no statement that the National Bank of Greece was ignorant of the alleged falsity of the invoices. There being no competent proof of the existence of an alleged holder in due course, the court granted the injunction on the authority of Mr. Justice Shientag’s decision in Sztejn v. Schroder Banking Corp. (177 Misc. 719). No request for an undertaking was made by the bank in its opposing papers or at the settlement of plaintiff’s proposed order. The motion for reargument is accordingly denied.
A different situation is, however, presented by the additional evidence submitted in support of the bank’s motion to vacate the order granting plaintiff’s motion. An affidavit by the manager of the National Bank of Greece is submitted, in which he states under oath that said bank purchased the draft and paid $39,400 therefor “ in good faith on the strength of documents presented in reliance on the credit No. 996331 issued by the eibst national city bank oe new yobk n. y. without any notice or knowledge of quality of merchandise.” The decision in Sztejn v. Schroder (supra) is wholly inapplicable where a claim is
*711 asserted against the bank issuing the letter of credit by one claiming to be a holder in due course. In the Sztejn case (supra, p. 721) the court pointed out that since the motion before it was one to dismiss the complaint for claimed insufficiency, the allegation of the pleading that11 The Chartered Bank is not an innocent holder of the draft for value ” must be assumed to be true. Mr. Justice Shiehtag also said (p. 723): “ I am bound by its allegation that The Chartered Bank is not a holder in due course but is a mere agent for collection for the account of the seller charged with fraud. * * * If it had appeared from the face of the complaint that the bank presenting the draft for payment was a holder in due course, its claim against the bank issuing the letter of credit would not be defeated even though the primary transaction was tainted with fraud. ’ ’
Plaintiff cites various excerpts from an article by Professor Thayer in volume 37 of the Columbia Law Review which it claims indicate that even if the National Bank of Greece is a holder in due course “ it has no greater rights in the letter of credit transaction than the original seller.” A reading of Professor Thayer’s article as a whole shows, however, that the plaintiff’s reliance on the article is misplaced. The passages quoted by plaintiff appear under title III of the article (pp. 1337-1344) dealing only with the rights of the bank issuing the letter of credit to refuse to honor drafts on the letter even though the holder of the drafts may be a holder in due course. Under title IV of the article (p. 1344 et seq.) which deals with the rights of the buyer against the bank issuing the letter of credit, Professor Thayer points out that the buyer has no right to compel the bank to refuse payment of drafts even if the bank has knowledge that the documents misrepresent the merchandise (p. 1349): “As between the bank and the seller, the former is privileged to reject documents that misrepresent the security; but there is no duty to that effect. If, then, the bank with full knowledge chooses to overlook any such misrepresentation, the matter is entirely between the bank and the seller and does not concern the bank and the buyer.” (Emphasis supplied.) In O’Meara Co. v. National Park Bank (239 N. Y. 386) the Court of Appeals held that the bank issuing the letter of credit was liable for payment of a draft drawn on it although the bank had notice that the goods did not comply with the contract. Judge Cabdozo dissented only because (pp. 401-M02): “ this controversy is not one between the bank on the one side and on the other a holder of the drafts who has taken them without notice and for value.” He added: 1 ‘ The controversy arises between the bank and a seller who has misrepresented the security upon which the advances are *712 demanded. Between parties so situated, payment may be resisted if the documents are false.”
It should also be noted that although Professor Thayer holds the view that the bank issuing the letter of credit should be entitled, if it chooses to do so, to resist payment even to a bona fide holder of drafts drawn upon the credit, in a case where the documents misrepresent the merchandise which constitutes the bank’s security, he recognizes (p. 1343) that his view is contrary to that of the majority of the Court of Appeals in the O’Meara case (supra).
Plaintiff also quotes from section 1011E of volume 4 of Williston, Contracts (Rev. ed.). The quotation relates, however, only to situations where the documents on their face do not comply with the conditions of the letter of credit. In a subsequent portion of the same section, the O’Meara case (supra) is cited and the view is indicated that, under New York law, a bank issuing a letter of credit may pay drafts drawn on the credit and hold the buyer of the merchandise liable, even if the bank’s payment is made with knowledge that the merchandise did not comply with the contract of purchase.
It is to be noted that the National Bank of Greece is not made a defendant in this action. If the First National City Bank of New York were enjoined from paying the draft to the National Bank of Greece, it is possible that the latter may recover judgment against the First National City Bank in some other jurisdiction where said bank may be amenable to suit. In such a situation, there appears to be no authority for enjoining the bank from honoring its letter of credit.
The motion to vacate the prior order of the court is, accordingly, granted and the order vacated.